**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| AMERICAN CENTER FOR LAW AND JUSTICE, 201 Maryland Avenue, NE Washington, DC  20002 | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) ) | Case Action No. 22-cv-355 |
| UNITED STATES DEPARTMENT OF HOMELAND SECURITY, Office of the Executive Secretary MS 0525 2707 Martin Luther King Jr Ave SE Washington, DC 20528-0525, | ) ) ) ) ) ) ) | **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |
| Defendant, | ) ) | |
| UNITED STATES CUSTOMS & BORDER PROTECTION Executive Secretariat 1300 Pennsylvania Ave. NW Washington, DC 20229, | ) ) ) ) ) ) | |
| Defendant, | ) ) | |
| UNITED STATES IMMIGRATION & CUSTOMS ENFORCEMENT Office of the Principal Legal Advisor 500 12th Street, SW, Mailstop 5900 Washington, DC 20536, | ) ) ) ) ) ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff American Center for Law and Justice ("ACLJ"), by and through counsel, brings

this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, challenging the failure

of the Defendants United States Department of Homeland Security (DHS), United States Customs

& Border Protection (CBP), and United States Immigration & Customs Enforcement (ICE), to issue a determination as to Plaintiff's FOIA requests within the statutorily prescribed time period and seeking the disclosure and release of agency records improperly withheld by Defendants. In support thereof, Plaintiff alleges and states as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B), 5 U.S.C. § 552(a)(6)(C)(i), and 28 U.S.C. § 1331, because this action arises under FOIA, and Plaintiff has exhausted its administrative remedies.

2.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(e) and 5 U.S.C. § 552(a)(4)(B).

3.      This Court has authority to award injunctive relief pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 2202.

4.      This Court has authority to award declaratory relief pursuant to 28 U.S.C. § 2201.

## PARTIES

5.      Plaintiff, with an office at 201 Maryland Avenue, N.E., Washington, DC 20002, is a not-for-profit 501(c)(3) organization dedicated to the defense of constitutional liberties secured by law. Plaintiff's mission is to educate, promulgate, conciliate, and where necessary, litigate, to ensure that those rights are protected under the law. Plaintiff also regularly monitors governmental activity with respect to governmental accountability. Plaintiff seeks to promote integrity, transparency, and accountability in government and fidelity to the rule of law. In furtherance of its dedication to the rule of law and public interest mission, Plaintiff regularly requests access to the public records of federal, state, and local government agencies, entities, and offices, and disseminates its findings to the public.

6.     Defendant DHS is an agency of the United States within the meaning of 5 U.S.C. § 552(f)(1) and is headquartered at 2707 Martin Luther King Jr Ave SE, Washington, DC 20528-0525. Defendant DHS is in control and possession of the records sought by Plaintiff.

7.     Defendant CBP is an agency of the United States within the meaning of 5 U.S.C. § 552(f)(1) and is headquartered at 1300 Pennsylvania Ave. NW, Washington, DC 20229. Defendant DHS is in control and possession of the records sought by Plaintiff.

8.     Defendant ICE is an agency of the United States within the meaning of 5 U.S.C. § 552(f)(1) and is headquartered at 500 12th Street, SW, Mail stop 5900, Washington, DC 20536. Defendant ICE is in control and possession of the records sought by Plaintiff.

## FACTUAL ALLEGATIONS

9.     On December 17, 2021 Plaintiff issued FOIA requests to Defendant DHS, CBP, and ICE.  Pl.'s FOIA Request to DHS, Ex. A; FOIA Request to CBP, Ex. B; FOIA Request to ICE, Ex. C,  incorporated by reference as if fully set forth herein.

10.     Plaintiff issued these revised and significantly narrowed FOIA requests following this Court's Opinion and Order of November 10, 2021, granting a motion to dismiss its lawsuit, *ACLJ v. DHS, CBP, ICE, and USCIS*, 21-cv-1364-TNM; [Memorandum Opinion, Dkt. # 18]. The Plaintiff omitted USCIS from the new, revised FOIAs. The Plaintiff significantly narrowed the scope of the requests, in subject and in custodian, for example, by listing specific offices/titles of custodians.

11.     To summarize, the Plaintiff requested: "Records Regarding Border-Related Human Trafficking and Exploitation of Women and Children, the Cancelation or Postponement of Operation Talon, and Taking Down CBP's Press Release on Arrest of Persons on the FBI's Terrorism Watch List." Pl.'s FOIA Request to DHS, Ex. A, 1.

12.     "Pursuant to DHS FOIA regulation 6 C.F.R. §5.3(b), this Background addresses 'the date, title or name, author, recipient, and subject matter of the record[s]' requested, to the extent known.'" Pl.'s FOIA Requests, Ex. A, B, & C, 1.

13.     On December 17, 2021, Plaintiff submitted its FOIA requests to Defendants DHS, CBP and ICE via Federal Express, and delivery confirmations from Federal Express show that these Defendants received Plaintiff's FOIA requests on December 20, 2021. *See* FedEx Delivery Confirmations attached as Exhibit D, and incorporated herein by reference.

14.     By letter dated January 25,  2022, attached hereto as Exhibit D and incorporated by reference as if fully set forth herein, Defendant DHS acknowledged it received Plaintiff's FOIA request on January 11, 2022. Defendant DHS advised it had assigned identification number 2022-HQFO-00458. Def. DHS's Acknowledgement Letter Ex. E, 1.

15.     Defendant DHS asserted: "Due to the subject matter of your request, I am transferring this request to the FOIA Officer for U.S. Customs and Border Protection (CBP), for processing under the FOIA and direct response to you." *Id.*

16.     Defendant DHS has not responded to Plaintiff as to requests 1, 3, 5, and 6, which clearly apply to DHS Secretary Mayorkas and other DHS offices specifically identified in those numbered requests. Pl.'s FOIA Request to DHS, Ex. A, 5-6..

17.     No other correspondence has been received from Defendant DHS.

19.     By letter dated January 26, 2022, attached hereto as Exhibit F and incorporated by reference as if fully set forth herein, Defendant CBP acknowledged it received Plaintiff's FOIA request as of January 26, 2022 – *over one full month after the Plaintiff's FOIA Request was submitted* to all Defendants. Defendant CBP advised it had assigned Case Control CBP-2022-036440. Def. CBP's Acknowledgement Letter Ex. F, 1.

20.     Defendant CBP asserted:

Due to the increasing number of FOIA requests received by this office, we may encounter some delay in processing your request. Consistent with 6 C.F.R. Part 5 5.5(a) of the DHS FOIA regulations, CBP processes FOIA requests according to their order of receipt. Although CBP's goal is to respond within 20 business days of receipt of your request, FOIA does permit a 10-day extension of this time period in certain circumstances pursuant to 6 C.F.R. Part 5 5.5(c). [As your request seeks documents that will require a thorough and wide-ranging search, CBP will invoke a 10-day extension for your request pursuant to 6 C.F.R. Part 5 5.5(c). If you would like to narrow the scope of your request, please contact our office. We will make every effort to comply with your request in a timely manner.] **OR** [As your request seeks a voluminous amount of separate and distinct records, CBP will invoke a 10-day extension for your request pursuant to 6 C.F.R. Part 5 5.5(c). If you would like to narrow the scope of your request, please contact our office. We will make every effort to comply with your request in a timely manner.] **OR** [As the subject matter of your request is of substantial interest to two or more components of CBP or of substantial interest to another agency, we will need to consult with those entities before we issue a final response. Due to these unusual circumstances, CBP will invoke a 10-day extension for your request pursuant to 6 C.F.R. Part 5 5.5(c). If you would like to narrow the scope of your request, please contact our office. We will make every effort to comply with your request in a timely manner.]

*Id.* (bold emphasis in original).

21.     The bracketed "OR" statements do not clearly or definitively assert the alleged basis for Defendant CBP's purported assertion of the 10-day extension "unusual circumstances" provision identified in 6 C.F.R. Part 5 §5.5(c) and 5 U.S.C. § 552(a)(6)(B).

22.     Further, Defendant CBP's confusing alternative blanket and boilerplate assertions do not comply with the statutory requirements for an agency invoking the "unusual circumstances" 10-day extension. 5 U.S.C. § 552(a)(6)(B).

23.     No other correspondence has been received from Defendant CBP.

24.     No correspondence of any kind has been received from Defendant ICE.

**CAUSE OF ACTION**

**COUNT I**
**Violation of the Freedom of Information Act**

25.     Plaintiff realleges and incorporates by reference the preceding paragraphs of this Complaint as if fully stated herein.

26.     The federal FOIA establishes a 20-day deadline by which a federal agency must make and issue a decision regarding compliance with a request for records made pursuant to the statute. 5 U.S.C. § 552(a)(6)(A)(i).

27.     Pursuant to 5 U.S.C. § 552(a)(6)(A), each Defendant was required to determine whether to comply with Plaintiff's request within twenty (20) days, excepting Saturdays, Sundays, and legal public holidays. Pursuant to this same provision, the Defendant was also required to notify Plaintiff immediately of the determination, the reasons therefor, and the right to appeal any adverse determination to the head of the agency.

28.     All Defendants' 20-day periods commenced December 20, 2021, and expired on January 9, 2022.

29.     Defendant DHS acknowledged receipt of Plaintiff's FOIA request as of January 11, 2022, and its 20-day period expired on February 8, 2022.

30.     Defendant CBP acknowledged receipt of Plaintiff's FOIA request as of January 26, 2022, which is so far past the date of Plaintiff's confirmed FedEx delivery to CBP of December 20, 2021 (35 business day after confirmed delivery) that it is unreasonable and inequitable; and cannot be allowed to stand.

31.     As of the date of this Complaint, the Defendants have failed to notify Plaintiff of any determination about whether they will comply with Plaintiff's FOIA request, including the

scope of records the Defendants intend to produce, or the scope of records they intend to withhold, and the reasons for any such determination – all clearly required by the FOIA.

32.     As of the date of this Complaint, the Defendants have failed to produce any records responsive to the request and have not indicated when (or even whether) any responsive records will be produced, or demonstrate that responsive records are exempt from production – all as clearly required by the FOIA.

33.     The Defendants have not requested information from the Plaintiff that would toll the 20-day period as contemplated by 5 U.S.C. § 552(a)(6)(A)(i)(I).

34.     The FOIA permits a federal agency, in unusual circumstances, to extend the 20-day response deadline for a period not to exceed ten (10) additional working days. 5 U.S.C. § 552(a)(6)(B)(i).

35.     In its noncompliant response, Defendant CBP cursorily asserted boilerplate "unusual circumstances," *see* ¶ 20, *supra*; *see* Exh. F, 1, but failed to identify "the date on which a determination is expected to be dispatched," as clearly required by 5 U.S.C. § 552(a)(6)(B)(i), and which shall not be "a date that would result in an extension for more than ten working days." *Id.*

36.     There are no "unusual circumstances" that justify Defendants prolonged delay in responding as required by law to Plaintiff's lawful FOIA requests, but regardless, Defendants did not comply with the clear statutory requirements to trigger the extension provided by 5 U.S.C. § 552(a)(6)(B).

37.     Plaintiff has a statutory right to have Defendants process Plaintiff's FOIA request in a timely manner and in accordance with the requirements set forth in 5 U.S.C. § 552(a)(6).

38.     The Defendants are unlawfully withholding records requested by the Plaintiff American Center for Law and Justice pursuant to the FOIA, 5 U.S.C. § 552.

39.     The FOIA provides a cause of action for a complainant from whom a federal agency has withheld requested records. 5 U.S.C. § 552(a)(4)(B).

40.     Through continued delay and outright failure to properly respond to Plaintiff's lawful request for records, and its improper withholding of such requested records, the Defendants have failed to comply with FOIA's prescribed deadlines for responding to a request for records and has violated Plaintiff's statutory rights.

41.     Pursuant to 5 U.S.C. § 552(a)(6)(C), because the Defendants failed to comply with the time limit set forth in 5 U.S.C. § 552(a)(6)(A), Plaintiff is deemed to have exhausted any and all administrative remedies with respect to its FOIA request.

42.     Plaintiff is being irreparably harmed by reason of the Defendants' unlawful withholding of requested records, and Plaintiff will continue to be irreparably harmed unless the Defendant is compelled to conform its conduct to the requirements of the law.

43.      The FOIA imposes no limits on courts' equitable powers in enforcing its terms, and this Court should exercise its equitable powers to compel the Defendant to comply with the clear  requirements of the FOIA.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that the Court enter judgment against the Defendants, and provide Plaintiff with the following relief:

(a)     An Order that the Defendants conduct a diligent, expedited search for any and all records responsive to Plaintiff's FOIA request and demonstrate that they employed reasonable search methods most technologically likely to lead to the discovery of records responsive to Plaintiff's FOIA request, selected from among those methods available to Defendants;

(b)    An Order that the Defendants produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA request and a *Vaughn* index of any responsive records withheld under claim of exemption;

(c)    An Order enjoining the Defendants from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request;

(d)    A declaration that the Defendants' actions violated Plaintiff's statutory rights under 5 U.S.C. § 552;

(e)    An Order awarding to Plaintiff its reasonable attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and,

(f)    An Order granting to Plaintiff all further relief to which Plaintiff may be entitled.

Dated: February 9, 2022.

Respectfully submitted,

THE AMERICAN CENTER FOR LAW AND JUSTICE

JAY ALAN SEKULOW
   (D.C. Bar No. 496335)
   *COUNSEL OF RECORD*
JORDAN SEKULOW
   (D.C. Bar No. 991680)
STUART J. ROTH
   (D.C. Bar No. 475937)
*Counsel for Plaintiff*

/s/ *Benjamin P. Sisney*
BENJAMIN P. SISNEY
   (D.C. Bar. No. 1044721)
201 Maryland Avenue, N.E.
Washington, D.C.  20002
Telephone: (202) 546-8890
Facsimile: (202) 546-9309
Email: bsisney@aclj.org
*Counsel for Plaintiff*